UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Cheryl Denise Thomas,

    Defendant.

                                        /

Case No. 10-12397

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [5]**

This matter comes before the Court on Plaintiff's motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56(c). Having reviewed and considered the parties' briefs, and the entire file, the Court finds that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. Having considered the entire record, and for the reasons set forth below, Plaintiff's motion is GRANTED.

**I. Facts**

    **A. Loans at Issue**

Defendant, Cheryl Denise Thomas ("Thomas"), proceeding *pro per*, executed seven promissory notes[1] to secure various loans from the United States Department of

---

[1] The promissory notes were executed on November 2, 1995, August 2, 1996, April 11, 1997, April 28, 1997, June 25, 1997, June 26, 1997, and January 26, 1998 to secure loans of $3,500.00, $4,000.00, $3,500.00, $3,701.00, $525.00, $1,500.00, $1,700.00, $1,475.00, $200.00 and $3,500.00, respectively.

1

Education (the "Department"). (Pl.'s Mot. ¶ 1.)  The Department made these loans pursuant to the William D. Ford Federal Direct Loan Program (34 C.F.R. § 685.100) under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq.* (*Id.* ¶ 3.)

Thomas defaulted on these student loan obligations on October 11, 2001. (*Id.* ¶ 4.)  As guarantor of the loan, Plaintiff, the United States of America (the "Government"), was assigned the claim. (*Id.* ¶ 5.)  As of April 9, 2010, the balance due on the loans was $40,309.91. (Pl.'s Ex. 2, Certificate of Indebtedness.)

### B.  Procedural History

On June 18, 2010, the Government filed a complaint in this Court to collect the amount owed by Thomas. (Compl. ¶ 1.)  On July 21, 2010, Thomas filed an answer where she asserted various defenses:

- That she has not neglected or refused to pay;
- That she is unemployed and due to financial hardship, is unable to meet loan payments;
- That she did not agree upon a daily rate, additional to the judgment owed.

(Def.'s Ans. ¶¶ 1-4.)

The Government subsequently filed its motion for summary judgment indicating the amount owed as of October 20, 2010 was $40,766.24. (Pl.'s Mot. ¶ 6.)  Interest accrued on the unpaid portion of the student loans at a rate of 3.28 percent and a daily rate of $2.35 through June 30, 2010. (*Id.*)  After June 30, 2010, interest continued to

accrue at a rate established by the Department pursuant to section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e. (*Id.*)

On December 13, 2010, Thomas filed a response to the Government's motion, requesting an oral hearing or trial, and a post judgment hearing. (Def.'s Resp. ¶¶ 2, 4.) With her response, Thomas attached: (1) a letter from the William D. Ford Direct Loan Program indicating receipt of her Direct Consolidation Loan application; (2) a Repayment Plan Choices insert, which was provided in order to assist Thomas with deciding what plan to select; and (3) an Unemployment Deferment Request form. (Def.'s Resp. at 3.)

In its reply, the Government states that Thomas has not raised a valid defense to its motion for summary judgment. (Pl.'s Reply Def.'s Resp. at 1.) The Government requests that summary judgment be entered against Thomas, in the amount of $40,309.91 as of April 9, 2010, plus pre-judgment interest at a rate of 3.28% per annum, plus filing costs of $350.00 with post-judgment interest to run on the unpaid judgment at the legal interest rate in effect. (*Id.* at 2.)

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of

---

evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a

genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### III. Analysis

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder of the note and (3) the note is in default." *U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (citing *U.S. v. MacDonald*, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. 1994) (per curiam); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Id.* (citing *U.S. v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002)).

### A. Plaintiff has Established a Prima Facie Case

The Government can establish "a prima facie case that it is entitled to collect on a promissory note [by introducing] the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (Borman, J.) (citing *Davis*, 28 F. App'x. at 503).

In *Davis*, the Sixth Circuit found a district court had properly granted summary judgment to the government when it attached a promissory note to its complaint and filed a certificate of indebtedness from the Department. *Davis,* 28 F. App'x at 503. A loan analyst also certified under penalty of perjury that the defendant had defaulted on his loan and was indebted to the government. *Id. See U.S. v. Rippy*, No. 08-13150,

2009 WL 1600711, at *1 (E.D. Mich. June 8, 2009) (Cox, J.) (finding the government established its prima facie case when it attached a copy of a promissory note that was signed by the defendant, a Certificate of Indebtedness, and a signed affidavit from a loan analyst); *see also U.S. v. Jester,* No. 09-15069, 2010 WL 5330482, at *1 (E.D. Mich., Dec. 21, 2010) (Rosen, J.) (finding that the government established a prima facie case when it included a promissory note and a certificate of indebtedness signed by a loan analyst under penalty of perjury with the summary judgment motion).

As in *Davis*, here, the Government has established its prima facie case. The Government has included all seven promissory notes signed by Thomas. (Pl.'s Ex. 1, Promissory Notes.) The Government has additionally produced a Certificate of Indebtedness, which was signed under penalty of perjury by a loan analyst, indicating that Thomas defaulted on the loans. (*Id.*) The Certificate of Indebtedness also states that the loans were ultimately assigned to the Government. (*Id.*)

Because the Government has established its prima facie case, the burden shifts to Thomas to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

**B. Defendant Has Not Proven the Nonexistence, Extinguishment, or Variance in Payment of the Obligation.**

In order to rebut the Government's prima facie case, "[i]t is not sufficient for the defendant to merely allege nonliability." *U.S. v. Johnson,* No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (Rosen, J.) (*citing U.S. v. Durbin,* 64 F. Supp.

6

2d 635, 636 (S.D. Texas 1999)). Instead, Thomas must "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *Id.*

Here, Thomas has failed to rebut the Government's prima facie case. Thomas does not deny that she executed the promissory notes in question, or that the student loans financed her education. Although Thomas does deny that she neglected to repay the amount borrowed, this denial is directly contradicted. In her answer to the Government's complaint, Thomas states that "due to financial hardship [she], was *unable to meet the loan payments.*" (Def.'s Ans. ¶ 2.) These statements are not sufficient. *See U.S. v. Corley*, No. 10-13024, 2011 WL 309608, at * 3 (E.D. Mich. Jan. 1, 2011) (Rosen, J.) (granting the government's motion for summary judgment because the defendant had not "rebutted the competency or accuracy of the affidavit, promissory note, []or the Certificate of Indebtedness."); *see also U.S. v. Pratt*, 34 F. App'x 191, 192 (6th Cir. 2002) (finding that the defendant "did not deny that he executed the seven promissory notes in question, his education was financed by the student loans, and that he did not repay the amount borrowed.").

**C. Thomas' Financial Hardship Defense is Inapplicable**

Thomas asserts a financial hardship due to unemployment. (Def.'s Resp. ¶ 2.) In support of this defense, Thomas attached an unemployment deferment request form. (Def.'s Ex. 3, Unemployment Deferment Request.)

Whether Thomas is eligible for administrative deferment of her loans due to economic hardship or unemployment, however, is not for this Court to decide. Pursuant

to 34 C.F.R. § 685.204, "the Secretary [of Education] determines whether a borrower is eligible for a deferment due to the inability to find full-time employment . . . ." The Secretary [of Education] also determines "whether a borrower is eligible for deferment due to an economic hardship." 34 C.F.R. § 685.204(b)(3)(i).[2]

Furthermore, it should be noted that a grant of summary judgment would not preclude Thomas from pursuing an administrative deferment in the future. *See U.S. v. Johnson,* No. 02-75044, 2005 WL 1355097, at *5, (E.D. Mich. May 4, 2005) (Rosen, J.) (citing *Green v. U.S.,* 163 F. Supp. 2d 593, 598 (W.D.N.C. 2000) ("Claims for relief under [the Higher Education Act] must be presented through the administrative process and *cannot* be asserted as defense claims in civil collection litigation.")).

The Government is also entitled to the amount of interest accrued on the loan at the rate agreed to by Thomas in the promissory note under 24 C.F.R. § 682.410. Thomas agreed to pay interest at a rate of 3.28 percent and a daily rate of $2.35 through June 30, 2010, and thereafter at such rate as the Department establishes. (Pl.'s Ex. 2, Certificate of Indebtedness.) Using this rate, the Government has calculated that as of October 20, 2010, the balance owed by Thomas was $40,766.24. (Pl.'s Mot. ¶ 6.)

---

[2] To the extent Thomas is arguing she would suffer an "undue burden" pursuant to 11 U.S.C. § 523(a)(8), this too would not apply because there is no evidence to indicate she has filed for bankruptcy. *See U.S. v. Jester*, No. 09-15069, 2010 WL 5330482, at *1 (E.D. Mich. Dec. 21, 2010) (Rosen, J.) (finding that although pursuant to 11 U.S.C. § 523(a)(8), student loan debts may be discharged in bankruptcy where necessary to avoid "undue hardship" to the debtor, because there was nothing in the record that the defendant ever filed for bankruptcy protection, the law was inapplicable).

Pursuant to 28 U.S.C. § 1961(a), the Government is also entitled to post-judgment interest. The rate of such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a) (West 2000).

Finally, based on Thomas' loan documents, the Government is entitled to the $350.00 filing fee.[3]

### IV. Conclusion

For the above-stated reasons, Plaintiff's motion for summary judgment is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 9, 2011

---

[3] It is not unreasonable for the Government to seek these costs. Although 34 C.F.R. § 682.410, only authorizes the Government to recover so-called "reasonable collection costs," from a defaulted borrower, 20 U.S.C. § 1091a(b)(1), the Department has interpreted such costs to include, among other things, court costs. See 34 C.F.R. § 682.410(b)(2). Additionally, the promissory notes signed by Thomas provides that; "If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs." (Pl.'s Ex. 1, Promissory Notes.) Therefore, the Government could be entitled to costs in the amount of $350, reflecting this Court's filing fee.

9

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2011, by electronic and/or ordinary mail.

        <u>s/Carol A. Hemeyer</u>
        Case Manager